WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Wayne Kiehle,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-11-00352-PHX-GMS<br><br>**ORDER** |

  Pending before the Court is Petitioner's Motion for Relief from Judgment. (Doc. 48.) For the following reasons, the Motion is denied.

## BACKGROUND

  A jury initially convicted David Wayne Kiehle of first-degree murder in 1999 for the death of his wife. (Doc. 15, Ex. B.) In 2004, Kiehle was granted a new trial, and in 2005, he was convicted of second-degree murder. (*Id.*, Ex. F.) Kiehle pursued a direct appeal and post-conviction relief in Arizona courts, both with the assistance of counsel. (Doc. 18, Exs. EE, II–UU.) Kiehle filed this § 2254 habeas petition *pro se* and Magistrate Judge Burns denied his motion for the appointment of counsel. (Docs. 1, 7, 11.)

  This Court denied Kiehle's habeas petition and granted a certificate of appealability. (Doc. 27.) Kiehle initiated an appeal to the Ninth Circuit Court of Appeals, (Doc. 33), but then obtained leave to file a motion for relief from judgment with this Court, (Doc. 44). In his Motion for Relief from Judgment, Kiehle asks the Court to vacate its decision because of an alleged misapplication of the law related to the appointment of counsel. (Doc. 48.)

**DISCUSSION**

**I.      Jurisdiction**

As noted in a previous order, a district court ordinarily lacks jurisdiction over matters that are the subject of a pending appeal. (Doc. 47.) In this case, the Ninth Circuit Court of Appeals has remanded the case to this Court for the limited purpose of considering this Rule 60(b) motion. (Docs. 49, 52.) Additionally, this Court's jurisdiction rests upon whether this is a permissible Rule 60(b) motion, or an impermissible second or successive habeas corpus application.

Rule 60(b) lists six reasons why a court may order relief from a final judgment. Fed. R. Civ. P. 60(b). Rule 60(b)(1) applies when there has been a "mistake, inadvertence, surprise, or excusable neglect;" and 60 (b)(6) covers the general category of "any other reason that justifies relief." *Id.*

Second or successive habeas corpus applications are severely limited under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(b). Although AEDPA does not expressly limit the application of Rule 60(b), the specific rules governing § 2254 proceedings only provide that the Federal Rules of Civil Procedure may be applied "to the extent that they are not inconsistent with any statutory provisions." *Id.* § 2254, Rule 12. Rule 60(b) motions which seek to advance a claim, such as by adding a new ground for relief or attacking the merits of the court's previous resolution, are impermissible second or successive habeas applications. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Rule 60(b) motions that attack the integrity of the habeas proceedings without raising such claims are permissible. *Id.*

Kiehle's Motion is a permissible Rule 60(b) motion because he attacks the integrity of the proceedings by attacking the Court's refusal to appoint counsel. The lack of appointed counsel is not a new ground for habeas relief or an attack on the merits of the Court's resolution. While any relief from judgment under Rule 60(b) might lead to a new opportunity to make claims for relief, that would not be an impermissible second or successive petition because the Rule 60(b) relief would nullify the original judgment.

## II. Interests of Justice

Although Kiehle's motion is not prohibited under AEDPA, it remains within the discretion of the Court whether to grant a Rule 60(b) motion. Ordinarily, legal errors are corrected on appeal and do not call for an application of Rule 60(b). *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Rule 60(b) motions must be made within a reasonable time, and for motions based on Rule 60(b)(1), that reasonable time can be no more than one year after judgment. *Gonzalez*, 545 U.S. at 535. Claims under Rule 60(b)(6) require "extraordinary circumstances" and "will rarely occur in the habeas context." *Id.*

In his motion for Rule 60(b) relief, Kiehle alleges that the Court made a mistake of law by applying the wrong standard in its decision to deny him appointed counsel. A court must consider and apply both constitutional and statutory standards. Constitutionally, an indigent habeas petitioner has no right to counsel under the Sixth Amendment, and will only be entitled to counsel if "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

Beyond the mandates of the Constitution under the Due Process Clause, a court's duties and discretion related to the appointment of counsel in habeas actions are governed by 18 U.S.C. § 3006A and the special rules related to habeas petitions. A court has a duty to appoint counsel if necessary for effective discovery or if an evidentiary hearing is held. 28 U.S.C. § 2254, Rules 6(a), 8(c). Beyond those enumerated situations requiring appointment, a court may exercise its discretion to provide counsel if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (2006). The Ninth Circuit Court of Appeals later clarified that the constitutional due process concerns from *Chaney* arise when the district court abuses its discretion under the interests of justice standard of §3006A. *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). In other words, saying that a court should have appointed counsel to avoid a due process violation is another way of saying that it was necessary under the interests of justice standard.

Although courts have discussed the kinds of things a court should consider in examining "the interests of justice," there is no test beyond that language in the statue. *See Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983) (per curium). In fact, the Supreme Court recently noted that standard requires a "peculiarly context-specific inquiry," and expressed "doubt that any attempt to provide a general definition of the standard would prove helpful." *Martel v. Clair*, 132 S. Ct. 1276, 1287 (2012). In *Weygandt*, the court found that it had no jurisdiction over an interlocutory appeal challenging the district court's refusal to appoint counsel in a habeas action. *Id.* at 953. The court described the considerations relevant to a habeas petition that distinguish it from a Title VII action in order to explain the different rule in cases based on Title VII actions. *Id.* at 953–54. It did not establish a test for determining "the interests of justice" based on a list of required considerations or prongs of analysis.

Even if the *Weygandt* court had created additional required considerations to determine the interests of justice, the outcome would not have changed in this case. Specifically, the court wrote, "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954. The court did not identify these two considerations as prongs that must both be met, and it did not indicate if they should be weighed on a sliding scale or under the totality of the circumstances.

It is important to reiterate that even if these are required considerations, the interests of justice are only a prerequisite to the court's discretionary power to appoint counsel. The only time a court is required to appoint counsel in habeas petition is when it is necessary under the circumstances in order to prevent a due process violation, or under the statute and rules discussed above. In all other cases it is left to the court's sound discretion whether to appoint counsel if the interests of justice so require. *Compare* 18 U.S.C. § 3006A(a)(1) (indicating that "[r]epresentation shall be provided"), *with* 18 U.S.C. § 3006A(a)(2) (indicting only that "representation may be provided").

Here, Magistrate Judge Burns correctly considered and applied both the constitutional and statutory standards. First, Judge Burns found that no due process violation would result, which means the Court was not constitutionally required to appoint counsel. Second, Judge Burns considered the interests of justice as required by the statute. As discussed in *Bonin*, these standards are related and Judge Burns made no error in discussing them together. Although Judge Burns could have written a more detailed explanation of the discretionary choice not to appoint counsel, she addressed and correctly applied both of the correct and established legal standards.

Further, if the considerations from *Weygandt* had been explicitly considered or discussed in Judge Burns's order, it would not have changed the outcome. The first consideration is the likelihood of success on the merits. In this case there was a low likelihood of success on the merits and Kiehle's motion does not present specific arguments otherwise. Kiehle raised two claims with this court, both of which had already been rejected in a state postconviction proceeding. Even if Kiehle had included his other six exhausted claims, those had been rejected on direct review. There was no reason to conclude that Kiehle had a high likelihood of success on the merits of his petition.

Kiehle's motions emphasize the second *Weygandt* consideration, "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." 718 F.2d at 954. Significantly, *Weygandt* asks this Court to look at the complexity of the petitioner's claim and his ability to "articulate *his* claims." *Id.* (emphasis added). It does not suggest that the Court should conduct a de novo review of petitioner's case in order to determine whether appointed counsel is needed because there are additional claims that could or should be presented. Kiehle's current counsel notes that Kiehle's initial filings were rejected, but that was done with leave to amend. Kiehle later filed a proper petition and the Court considered his claims. Kiehle's current counsel does not identify any way in which those claims were inadequately articulated.

Finally, even if this Court were required to consider whether appointed counsel might have raised better or different claims, it is not established that better claims existed

- 5 -

in this case. Kiehle was represented by counsel in his state postconviction relief proceedings, and that counsel selected the same two claims that were presented in this habeas petition. This is an indication that at least one attorney thought that these two claims represented Kiehle's best claims for relief after the exhaustion of the other six claims on direct review. Kiehle now argues that appointed counsel might have come up with new arguments but does not identify any obvious claims that were missed.

## CONCLUSION

Kiehle was not entitled to the appointment of counsel in order to prevent a due process violation or under the statutes and rules for habeas proceedings. If the considerations discussed in *Weygandt* had been applied, it would not have required a different finding regarding the interests of justice or limited the Court's discretion to determine whether to appoint counsel.

Accordingly, the Court will not exercise its discretionary authority to grant Petitioner's Rule 60(b) motion. There is no mistake of established law to correct under Rule 60(b)(1), and the denial of appointed counsel in a habeas petition is not the kind of rare or extraordinary circumstance calling for relief under Rule 60(b)(6).

**IT IS THEREFORE ORDERED** that the Motion for Relief from Judgment, (Doc. 48), is **denied.**

Dated this 18th day of October, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge